RECEIVED IN
The Court of Appeals
Sixth District

MAR 1 0 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

MAR 1 0 2015

Texarkana, Texas
Debra K. Autrey, Clerk

# IN The Court of Appeals
## Sixth District of Texas
### Texarkana, Texas

Martin Luther Burns
    Appellant

March 6, 2015

Vs

06-14-00177-CR

The State of Texas
    Appellee.

## On Appeal From
The 115th Judical District Court
of Marion County, Texas
Trial Court No. F12698

## Pro Se Brief

Martin Luther Burns
Clements Unit TDCJ
9601 SPUR 591
Amarillo, Texas 79107
Appellant

## IDENTITY of Parties And Counsel

Tim Cone
State Bar #04660350
P.O. Box 413
Gilmer, Texas 75644
(903) 726-6270
e-mail: timcone6@Aol.com
Attorney For the Appellant

Kurt M. Noell
231 S. College
Tyler, Texas 75702
Appellant's Counsel At Trial

Angela Smoak
Marion County Attorney
Jefferson, Texas 75657
102 W. Austin Room 201
Appellee's Counsel At Trial

Tim Cone
P.O. Box 413
Gilmer, Texas 75644
Appellant's Counsel on Appeal

Angela Smoak
Marion County Attorney
102 W. Austin, Room 201
Jefferson, Texas 75657
Appellee's Counsel on Appeal

## Index of Authorities

<u>Texas Case</u>
<u>Michael Anthony Heath Vs The State of Texas</u>   <u>No. 1465-89</u>

No. 06-14-00177-CR
IN THE
Court of Appeals
For The
Sixth Judicial District of Texas
Martin Luther Burns
Appellant
Vs
The State of Texas
Appellee

## TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, the Appellant Martin Luther Burns and submits this Pro Se Brief pursuant to the provisions of the Texas Rules of Appellate Procedure in Cause No. 06-14-00177CR in the 115th District Court of Marion County, Texas. (Trial Court No. F12698).

## STATEMENT OF CASE

On September 30, 2003, I, Martin Luther Burns the Appellant was placed on a five year deferred adjudication community supervision (probation) for the offense of Aggravated Kidnapping. CR4,28. Which→

IS A CRIME I did not commit NOR WAS the crime of Aggravated Kidnapping occured At ANY point or time. And Appellant was placed on probation indicated was for three years but ~~body~~ the body of the judgment showed the probation was for five years As does Docket sheet. CR4.28 The probation was specifically shown by record to be A NON-reporting probation. CR 4,22; The requirement of community work service And probation fees were also waived CR 22. The State filed A Motion to Adjudicate the probation on August 10, 2004. CR31. The probation was amended on November 22,2004, to extend the probation for five more years from the original term And did include A reporting obligation By mailing in A report form once A month. CR33 Which Appellant did so And paid All fines And fees. of: $50.00 addition Court Cost on November 22, 2004 And $600.00 on November 22, 204 Toward A $2000.00 Restitution. And $248.00 Court Cost And now paid $298.00 Totaling $2,298.00 was paid in full by Appellant. Appellant was told once everything was paid in full that the probation would be over. Feb 28, 2011 Appellant made Two payment one of $1,200.00 And one of $400.00 which Paid All Fines, Court Cost, And restitution in full to Ms Tracy Smith Appellant probation officer. On August, 29, 20011, the State filed A Motion to Adjudicate setting out violations of the probation alleging the Appellant committed A new offense (injury to A child), And used COCAIN. CR34. The hearing of this motion was not held until Sept 22, 2014. 2RR ~~with~~ which is 11yrs mark. The Appellant Probation was for 10yrs which ended Sept 30, 2013. CR Vol. 58 Page No 527 including the 5 years extention.                    CR Vol of 1    Page 33

After A hearing was held regarding A motion filed by Appellant's trial Counsel seeking a dismissal of the State's motion, which was denied, the Appellant pled true to the State's Allegations And the trial court adjudicated the Appellant guilty of the underlying charge And sentenced him to fifty (50) years confinement is pison. 2 RR 23; 2 RR 4,5. And CR36.

## Argument

Based on Michel Anthony Heath V The State of Texas Texas Case 817-818 No. 1465-89 Court of Criminal Appeals of Texas En Banc April 24, 1991 opinion on State's and state Prosecuting Attorney's Motion for Rehearing Oct 23, 1991.

### Criminal Law 1042

① Even though defendant didn't claim when probation was Assessed, that sentence was void on ground that defendant was ineligible for court-ordered probation, defendant was not barred from complaining of void sentence on direct Appeal. Vernon's Ann. Texas CC.P. Art. 42-12 § 3g (A)(1)(D)

② Criminal law 991(2), If punishment is not authorized by law, punishment of sentence imposing punishment, that portion is void Along with the punishment.

③ Criminal law 1042, Defect which renders sentence void may be raised at anytime.

Continue

④ Criminal Law 982.3, 982.9 (1), 1192

Where defendant who was ineligible to recieve probated sentence such probated sentence is recieved Pursuant to Plea bargain agreement, order placing defendant on probation and order revoking probation and sentencing defendant to 8yrs confinement and an Appellant Case Martin Luther Burns No 06-14-00177-CR to 50 yrs confinement is Void. Remedy was to reverse and remand to trial Court with orders that trial court withdraw defendants Plea and that defendant replead to indictment. Vernon's Ann. Texas C.C.P. Art 42.12, 3g (A)(1)(C,D).

## On Motion for Rehearing

⑤ Criminal Law 1136

Even though defendant enjoyed an unauthorized probation by Texas State Law, he was estopped from complaining As to it being ineligible and not authorized by law.

## Point of Error Number Two

The Charge of Aggravated Kidnapping is unauthorized to recieve a probation sentence of non-Reporting, non-Supervised, no community service or any recommended classes or drug Testing. For an Accused 1 Degree Felony

## Conclusion And Prayer Ezekiel 12:21-28

For this reason I'm requesting that the Court grant my request to aquitt or Reverse and Remand.

Respectfully Submitted:

Appellant     Psalm 71  Martin Luther Burns  Psalm 91

Unsworn Declaration

I, Martin Luther Burns, #1956564, being presently incarcerated in the Clements Unit. Of the Texas Department of Criminal Justice in Potter County, Texas declare under Penalty of Persury that I Am the Appellant in the above And foregoing Documents. I have read said Petition And the factual Allegations of the same are true And correct.

Executed on this the 6 day of March, 2015

Cause #
06-14-00177CR

Inmate Name
Martin Luther Burns
#1956564